1  Peter R. Afrasiabi (Bar No. 193336)
   Nathaniel L. Dilger (Bar No. 196203)
2  ONE LLP
   535 Anton Boulevard, Suite 850
3  Costa Mesa, California 92626
   Telephone:  (714) 434-8750
4  Facsimile:  (714) 434-8756

5  Attorneys for Plaintiff Network Signatures, Inc.

6  Robert M. Masters (*Pro Hac Vice*)
   robmasters@paulhastings.com
7  Erin E. Klisch (*Pro Hac Vice*)
   erinklisch@paulhastings.com
8  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   875 15th Street, N.W.
9  Washington, DC  20005
   Telephone:  (202) 551-1700
10 Facsimile:  (202) 551-1705

11 Attorneys for Defendant Ford Motor Company

12
                     UNITED STATES DISTRICT COURT
13
                    CENTRAL DISTRICT OF CALIFORNIA
14

15
   Network Signatures, Inc.,                    Case No. SACV09-196 AG (RNB)x
16
         Plaintiff,
17                                              **STIPULATED PROTECTIVE ORDER**
   v.
18
   Ford Motor Company. a Delaware
19 Corporation

20       Defendant.

21 ─────────────────────────────
   Ford Motor Company. a Delaware
22 Corporation,

23
         Counterclaimant,
24

25 v.

26
   Network Signatures, Inc.,
27

28       Counter-defendant.

─────────────────────────────
1
**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, served or otherwise provided in this action by the parties or by non-parties.

2.3 "Confidential" Information or Items: information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains, or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, trade secret, development, commercial, financial or personnel information.

2.4 "Highly Confidential – Outside Counsel Only" Information or Items: information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects highly proprietary financial or

technical data or highly sensitive competitive information that a producing party or producing third party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties. This designation includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Highly Confidential – Attorneys' Eyes Only Material shall include all Material referring or relating to the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 5. Material designated as "Highly Confidential – Attorneys' Eyes Only" is automatically subject to the prosecution bar in Section 7.3

2.5 <u>Receiving Party:</u> a Party that receives Material from a Producing Party.

2.6 <u>Producing Party:</u> a Party or non-party that produces Material in this action.

2.7. <u>Designating Party:</u> a Party or non-party that designates information or items as "Confidential" or "Highly Confidential -Attorneys' Eyes Only."

2.8 <u>Protected Material:</u> any Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel:</u> attorneys (including litigation and clerical support staff and Professional Vendors retained by them) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, but who are counsel of record for a Party in this action or advise a Party in this action.

2.10 <u>House Counsel:</u> attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not (i) anticipated to become an employee of a Party or a competitor of a Party's or (ii) a

consultant involved in product, process and/or software design or development relating to network authentication for a Party or for a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>. The terms of this Order shall survive the final termination of this action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order. The parties agree that any order of dismissal of this action as to any or all parties shall include a specific provision that the Court retains jurisdiction to enforce the terms of this Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

5. <u>DESIGNATING PROTECTED MATERIAL.</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that

other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). If a document has more than one designation, the more restrictive or higher designation applies.

(b) <u>for testimony given in depositions</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Testimony identified in this way will retain the protection of its designation as Protected Material without any further action by the Designating Party. Any Party may also designate testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the court reporter and all of the parties, in writing within thirty (30) days after receipt of the final corrected deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". In such a case, each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody or control. In any event, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for at least a period of thirty (30) days after receipt of the final corrected transcript.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Production.</u>

(a) Inadvertent Failures to Properly Designate. If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date such notice is received. If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been disclosed to unqualified recipients. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

(b) No Waiver of Privilege. The production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the

Material not inadvertently been produced or disclosed. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material. The return of such Material shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Material was never privileged.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 <u>Challenges.</u> The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Any such motion must be made in strict compliance with Civil Local Rule 37-2 (including the Joint Stipulation requirement). Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1 <u>Basic Principles</u>. Protected Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the Protected Material is maintained. If Protected Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Protected Material and to prevent further disclosure.. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) One House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

7.4 <u>Additional Restrictions on Access to Code or Schematics</u>. Access to register transfer level (RTL) code, hardware descriptive language (HDL or VHDL) code, software source code, or similarly sensitive code or schematics shall be provided under the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation only and shall

be subject to the prosecution bar of Section 7.3 and Section 8 and to the following additional restrictions:

    (a) To the extent that such code and schematics exist and are in the possession of the Producing Party, such code and schematics shall be provided on a stand-alone computer (i.e., not connected to a network or the Internet) in a secure location at the offices of the Producing Party. The Producing Party shall provide access to this stand-alone computer during regular business hours on reasonable notice.

    (b) To the extent that such code and schematics exist and are in the possession of the Producing Party, the Producing Party shall produce for inspection such code and schematics in native format so as to allow a user to search, compile, decompile, view, or otherwise manipulate the code, and to view the schematics, to the extent that these functions are possible.

    (c) At the time of the inspection, the Receiving Party may request two electronic computer-readable and computer-searchable (such as, in .PDF format) copies of portions of the code or schematics reasonably necessary to that party's analysis, to the extent that it is possible to produce such computer-readable and computer-searchable copies. The Producing Party shall provide the requested copies with Bates number labels and a confidentiality designation stating "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE – DO NOT COPY" or "OUTSIDE COUNSEL RESTRICTED – SCHEMATICS – DO NOT COPY," which Outside Counsel for the Receiving Party may take when completing an inspection. The copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel or in a secured location at the offices of the Receiving Party's retained expert at all times, except as provided in Sections 7.4(d) and 7.4(e).

    (d) A Receiving Party that wants to use any code or schematics at a deposition may, no earlier than 48 hours prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the deposition. At the conclusion of the deposition, the Producing Party will collect each copy of the code

and schematics and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

(e) A Receiving Party that wants to file or otherwise submit any code or schematics to the Court in connection with a filing may, no earlier than 48 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the code or schematics with an application to file under seal.

8. <u>DISCLOSURE TO EXPERTS</u>

(a) <u>Confidentiality Agreement</u>. An Expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Expert execute the "Agreement to Be Bound by Protective Order" (Exhibit A). The "Agreement to Be Bound by Protective Order" (Exhibit A) shall be retained by Outside Counsel for the Party that retained the Expert, but need not be disclosed to any other Party.

(b) <u>Written Notice</u>. Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must give written notice to the Producing Party of the Expert's current curriculum vitae.

(c) <u>Objection</u>. A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Protected Material to the identified Expert unless, within three (3) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Producing Party objects in writing.

(d) <u>Judicial Intervention</u>. If an objection is made, the parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may move the Court for an order that access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be denied the designated individual, or other appropriate relief. Any such motion must be made in strict compliance with Civil

Local Rule 37-2 (including the Joint Stipulation requirement). Unless and until the Court determines otherwise, no disclosure of any such Protected Material shall be made by the Receiving Party to any Expert to whom an objection has been made.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FILING PROTECTED MATERIAL</u>. In accordance with Civil Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

12. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. The Receiving Party shall also provide a copy of the log required by section 7.4.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 13. MISCELLANEOUS.

13.1 <u>Injunctive Relief</u>. The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

13.2 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3 | ONE LLP

4 | DATED: January 21, 2010     /s/ Nathaniel L. Dilger

Nathaniel L. Dilger
Attorneys for Plaintiff

8 | PAUL HASTINGS JANOFSKY & WALKER LLP

9 | DATED: January 21, 2010     /s/ Robert M. Masters

Robert M. Masters
Attorneys for Defendant

14 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

16 | DATED: _____     _____

Judge Andrew Guilford
United States District Judge

21 | LEGAL_US_E # 86583696.1

---
17
**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18
**STIPULATED PROTECTIVE ORDER**